UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAMMY CUEVAS,<br><br>       Plaintiff,<br><br>   v.<br><br>CITY OF CAMPBELL, ET AL.,<br><br>       Defendants. | Case No.: 5:12-CV-03087-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**<br><br>**[Re: Docket No. 9, 13]** |

Presently before the court are Plaintiff Sammy Cuevas's ("Plaintiff") Motion for Leave to File a First Amended Complaint, and Defendants City of Campbell, Daniel Rich, Greg Finch, and Does 1-25's (collectively, "Defendants") Motion to Dismiss. For the reasons set forth below, the court GRANTS Plaintiff's Motion for Leave, and DENIES Defendant's Motion to Dismiss as moot.

**I.      Background**

This case concerns Plaintiff's termination from his position as a police officer with the Campbell Police Department for allegedly associating with persons engaged in criminal activity and failing to report those associations to his superiors. Plaintiff filed this action on May 9, 2012 in the Santa Clara County Superior Court asserting causes of action under California common law breach of employment contract and 42 U.S.C. § 1983. Defendants removed the matter, and the

1

Case No.: 5:12-CV-03087-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED
COMPLAINT; DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT

1  case was reassigned to this court on June 19, 2012. Several days later, on June 22, 2012,
2  Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).
3  Plaintiff filed an opposition to that motion on July 6, 2012. That motion is now pending before this
4  court. Plaintiff had the opportunity to amend his complaint as of right until July 27, 2012 pursuant
5  to Federal Rule of Civil Procedure 15(a)(1) but failed to do so. Several weeks later, on September
6  7, 2012, Plaintiff filed this motion seeking leave to file an amended complaint pursuant to Federal
7  Rule of Civil Procedure 15(a)(2). Defendants oppose the motion.

## II. Legal Standard

Leave to amend is generally granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires"); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). Not all of the Rule 15 considerations are created equal; "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing the amendment bears the burden of showing prejudice." In re Fritz Cos. Sec. Litig., 282 F. Supp. 2d 1105, 1109 (N.D. Cal. Aug. 27. 2003) (citing DCD Programs Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987)).

## III. Discussion

The court begins with an examination of prejudice because it is the critical factor in deciding a motion for leave to amend. Defendants argue that a grant of leave to amend would unduly prejudice them by "denying them a ruling on their Motion to Dismiss/Strike regarding the original complaint." Def. Opp. at 2:2-3, Dkt. No. 18. That an amended complaint would essentially moot Defendants' pending Motion to Dismiss and Motion to Strike simply does not constitute undue prejudice. Defendants will receive a ruling from this court on any motion to

dismiss or motion to strike they may file to the amended complaint. Having offered no other basis for the court's consideration, Defendants have failed to meet their burden of showing prejudice.

The court also finds Defendants' additional arguments unpersuasive. Defendants first argue that Plaintiff has failed to show "good cause" why he should be allowed to file an amended complaint after the 21 day "as of right" period. This argument is inapposite. While Federal Rule of Civil Procedure 16(b)(4) does require good cause to modify a schedule set forth in a court's scheduling order, which may include a deadline for amendments, Rule 15 does not require the court to apply a good cause standard to a motion seeking leave to amend filed before a scheduling order has been issued or within the time period specified by a scheduling order. This case has not yet come up for a case management conference, and the court has issued no scheduling order. Therefore only Rule 15 applies here.

Second, Defendants argue that the proposed amended complaint contains the same defects as those addressed in Defendants' motion to dismiss. Even if, as Defendants suggest, the amended complaint "is not a model of clarity," given the required liberal standard, the court may still allow the amendment. As discussed above, Defendants will have the opportunity to raise these issues anew in a motion to dismiss the amended complaint.

Finally, Defendants suggest that granting leave to amend the complaint will not serve judicial economy. To the contrary, the court finds that judicial economy may be served by allowing an amended complaint. The original complaint was filed in state court, and was in large part a form complaint. The proposed amended complaint sets forth additional detail regarding the individuals and events at issue in this case. This amended complaint will aid the court in considering any motion to dismiss or motion to strike the Defendants may file.

**IV.     Order**

Based on the foregoing:

1. Plaintiff's Motion for Leave to File a First Amended Complaint is GRANTED. Plaintiff shall file the First Amended Complaint as a separate docket entry on PACER/ECF no later than November 1, 2012.

2. Defendants' Motion to Dismiss is DENIED as moot.

**IT IS SO ORDERED.**

Dated: October 18, 2012


EDWARD J. DAVILA
United States District Judge

4
Case No.: 5:12-CV-03087-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT